## PUGET SOUND POWER & LIGHT CO. v. CITY OF SEATTLE et al.

Circuit Court of Appeals, Ninth Circuit.
November 5, 1928.

No. 5457.

256

James B. Howe, Edgar L. Crider, and Emory E. Hess, all of Seattle, Wash., for appellant.

Thomas J. L. Kennedy, Corp. Counsel, and Arthur Schramm, Jr., Asst. Corp. Counsel, both of Seattle, Wash., for appellees City of Seattle et al.

R. P. Oldham, Jay C. Allen, and D. G. Eggerman, all of Seattle, Wash., for appellee Von Herberg.

Before RUDKIN and HUNT, Circuit Judges, and NORCROSS, District Judge.

HUNT, Circuit Judge (after stating the facts as above). ▉ In our opinion, plaintiff has failed to show itself entitled to relief. By section 5 of the ordinance, authorizing the bonds and the acquisition of the street railway system, the city obligated itself to pay into the special fund out of the gross revenue of the railway system, one calendar month prior to the due date of any installment of principal or interest, sufficient sums to meet such installments, and to pay such installments when due. City of Seattle v. Puget Sound Power & Light Co. (C. C. A.) 284 F. 659. Section 4 of Ordinance 39069, authorizing the execution of the pur-

chase contract, provided that forthwith, upon delivery of the deed and bill of sale to the city by the company, the city could enter into possession of the property and operate the same, and could receive all of the revenue "arising therefrom with no obligation whatever to account to the company for the same or any part thereof, save and except to provide therefrom for the payment of the interest and principal of the utility bonds authorized by Ordinance 39025, as therein provided, subject to the terms and conditions of this agreement." Inasmuch as it appears that the city has paid into the special fund one calendar month prior to due dates sufficient sums to meet the maturing payments, the question narrows to determining whether the bonds operate to create a lien in gross upon all of the revenues of the railway system, and whether all of such revenues must be set aside as received and held inviolate until all of the bonds held by plaintiff are paid. There is no allegation that there is a failure with respect to the payment due March 1, 1927, or that moneys of the requisite amount from some source were not seasonably paid into the special fund, but it does appear that all obligations maturing on that date were promptly paid. In the absence of a clear showing of fact, it is not for the court to draw an inference that the payment made on March 1, 1927, came from any source other than the street railway revenues.

■ Nor do the allegations stated impress us as a justification for the opinion of the plaintiff that the city construes the contract in a way other than as its terms require. The presumption that the city will be governed by the true chart of its duty far outweighs the conjecture that it will do otherwise; hence we see no present necessity for judicial interference. The agreed-upon method of protection of the priority of right of plaintiff's bonds is provided for by the requirement that a sufficient amount shall be placed in a particular fund and there conserved for the payment of the bond moneys one calendar month prior to the due date of the obligation next to mature. Not a word is to be found in the ordinance or contracts which obligates the city to set aside daily a portion of the revenues from the operation of the system, and, as was held by the District Court, the express provision made for a specific fund must be regarded as exclusive. The principle to be invoked was well stated by Chief Justice White in Sun Printing & Publishing Co. v. Moore, 183 U. S. 642, 22 S. Ct. 240, 46 L. Ed. 366, wherein he said: "A court of law possesses no dispensing powers;

it cannot inquire whether the parties have acted wisely or rashly, in respect to any stipulation they may have thought proper to introduce into their agreements. If they are competent to contract within the prudential rules [that] the law has fixed as to parties, and there has been no fraud, circumvention or illegality in the case, the court is bound to enforce the agreement."

■ As against Von Herberg, the plaintiff's complaint is that he has brought a suit in the state court seeking to declare warrants held by him to be a charge upon the gross revenues of the railway system superior to the charges from such gross revenues secured to the power company, and that he has asserted in "the press of the city" that warrants issued by the city for expenses of operation and maintenance of the railway system were superior charges upon the gross revenue, and that he would continue so to assert.

In accordance with the view expressed by the court at the time of the argument of the present case, our opinion is that, inasmuch as it appears that Von Herberg has brought suit in the state court in his capacity as a private citizen, and is not in collusion with any of the officials of the city, plaintiff in this proceeding is entitled to no relief as against him.

The decree is affirmed.